**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-09430 JAK (RZx) | Date | March 8, 2012 |
|---|---|---|---|
| Title | Ricardo Choperena Lorenzana v. U.S. Bank National Association, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

The Court has received Defendants' motions to dismiss. Dkt. 12, 13.

This dispute concerns a loan to Plaintiff secured by property located in Los Angeles, and the subsequent foreclosure on that property. Plaintiff brings four state law causes of action: wrongful foreclosure; fraud; violations of California Business and Professions Code section 17200; and "injunctive and declaratory relief."

As a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject-matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). When a case does not arise under federal law, this Court has original jurisdiction only when there is "diversity of citizenship." 28 U.S.C. § 1332. An action may be filed in federal court based on diversity jurisdiction only where the civil action is between citizens of different states, and the amount in controversy exceeds $75,000. *Id.* Complete diversity of citizenship is required: "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

Plaintiff pleads that he is a resident of California. Compl. ¶ 3. Plaintiff has named Wells Fargo Bank as a defendant. Plaintiff pleads that this Court has subject-matter jurisdiction over this matter based on diversity jurisdiction. Compl. ¶ 1. Plaintiff has not pleaded Wells Fargo Bank's citizenship.

For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice it should normally be the place where the corporation maintains its headquarters," that is, the center of overall direction, control, and coordination commonly known as the "nerve center." *Id.* Numerous courts have found that Wells Fargo Bank has its principal place of business in California and is, therefore, a California citizen. *See, e.g.*, *Rouse v. Wachovia Mortg., FSB*, No. EDCV 11-00928, 2012 WL 174206, at *14 (C.D. Cal. Jan. 13, 2012) ("Wells Fargo, having its principal place of business in California and main office in South

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-09430 JAK (RZx) | Date | March 8, 2012 |
|---|---|---|---|
| Title | Ricardo Choperena Lorenzana v. U.S. Bank National Association, et al. | | |

Dakota, is a citizen of both states."); *Mireles v. Wells Fargo Bank, N.A.*, No. CV 11-07720, 2012 WL 84723, at *5 (C.D. Cal. Jan. 11, 2012) ("Wells Fargo Bank, N.A., . . . is a national banking association that is chartered in Sioux Falls, South Dakota and has its primary headquarters in San Francisco, California"); *Roberts v. Wells Fargo Bank, N.A.*, No. CIV. S-11-2684, 2012 WL 487922, at *1 (E.D. Cal. Feb. 7, 2012) ("Wells Fargo's principle place of business is in California. Accordingly, Wells Fargo is a citizen of California.").

Additionally, Plaintiff pleads that Defendant U.S. Bank National Association ("U.S. Bank") is "based in Cincinnati, Ohio." Compl. ¶ 4. This allegation is insufficient to establish that U.S. Bank is either incorporated in, or has its principal place of business in, Ohio, as opposed to, for example, having in Ohio "simply an office where the corporation holds its board meetings." *Hertz*, 130 S. Ct. at 1192. To establish diversity jurisdiction, Plaintiff must plead the state of U.S. Bank's incorporation or principal place of business.

Further, Plaintiff pleads that he is a resident of California. Compl. ¶ 3. However, diversity jurisdiction depends on citizenship, not residency. 28 U.S.C. § 1332; *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To establish diversity jurisdiction, Plaintiff must plead his citizenship.

The party seeking to establish jurisdiction bears the burden of proving the same. *Kokkonen*, 511 U.S. at 377. Here, the Complaint does not do so. Thus, it does not provide the required information noted above with respect to the alleged citizenship of each party. Accordingly, the Court issues this Order to Show Cause Re: Jurisdiction given the absence of an adequate showing of complete diversity at this time. On or before March 22, 2012, the parties are to submit any memoranda, each of which is not to exceed five pages, with respect to whether this Court has subject-matter jurisdiction over this action. Upon receiving these memoranda, the Court will determine whether a hearing on any issue raised is required or if the matter can be addressed by the Court without a hearing.

The scheduling conference and hearing on Defendants' motion to dismiss, currently scheduled for March 12, 2012, are hereby vacated, and no appearance is required by any counsel or party. Defense counsel shall give telephonic notice to Plaintiff that his appearance is not necessary on March 12, 2012.

**IT IS SO ORDERED.**

:

Initials of Preparer   ak